# MEMORANDA.

No. 93—2207. William B. White v. Thomas Mackin. A bill in chancery to enforce a mechanic's lien upon a certain building. Complainant claimed that there was due him $1,166.67. On the hearing, upon pleadings and proofs, the court found due complainant $672.24 (which was the amount certified to be due by the architect). The work was done under a written contract which incorporated certain plans, specifications and drawings, was signed by both parties, and by it the architect was selected and it was agreed that the performance of the contract on the part of complainant should be to the full and complete satisfaction of said architect, and defendant's undertaking to pay for the work, etc., was upon the condition that said superintendent should certify in writing that complainant was entitled thereto. The question in dispute was in regard to certain tinning. The architect claimed that it was expressed and included in the specifications. Complainant thought it was not and refused to do it, and defendant employed another mechanic to do it, paying him a reasonable price therefor. The architect deducted the amount paid for the tinning and gave his certificate for the remainder. The court is unable to say that the architect misconstrued the contract, and the decree is affirmed. Opinion Per Curiam. Judge below, George Gardner. Attorneys, for appellant, Messrs. Gary, Cody & Gary; for appellee, Mr. Robert Hervey. Opinion filed Jan. 6, 1886.

No. 96—2210. The Union National Bank v. James M. Flower et al. This was *indebitatus assumpsit*, brought in the court below by appellees against the bank, appellant, to recover for services as attorneys, performed by the former, for and at the request of the latter. There was a trial of issues joined resulting in a verdict and judgment in favor of

(635)

the plaintiffs below, for $812.25, and defendant brings the record here by appeal. The case shows that the defendant, being in the banking business in the city of Chicago, the firm of Eddy, Harvey & Co. became its customer; that the latter failed, owing the defendant about $23,000; that after such failure, the defendant, through 'its president, employed the plaintiffs, who were practicing lawyers in said city, to undertake the collection of said indebtedness; that plaintiffs entered upon the performance of that undertaking, bringing one suit in the Federal and another in the State court against the members of the firm of Eddy, Harvey & Co., and performed considerable legal services in connection therewith, and the evidence shows that while such proceedings were pending an offer of compromise, at ninety cents on the dollar, of said indebtedness, was made on behalf of Eddy, Harvey & Co., through their attorneys, to plaintiffs, but that the defendant had declined to accept it. The evidence tended to show that such offer was the result of what the plaintiffs had done toward the discovery of a member of the firm of Eddy, Harvey & Co., who was individually of sufficient financial ability to quite insure the collection of the entire indebtedness in question. The court is of opinion that the evidence sustains the verdict. Opinion PER CURIAM. Judge below, ELLIOTT ANTHONY. Attorneys, for appellant, Messrs. FRANK J. SMITH & HELMER, and Mr. W. J. HERRICK; for appellee, Mr. FREDERIC ULLMANN. Opinion filed Jan. 6, 1886.

No. 91—2205.   George Lehman et al. v. John Hasserman. This action was by Hasserman, as payee, against appellants, as makers, upon two promissory notes bearing date March 27, 1884. The pleas were general issue, a plea of partial failure of consideration, setting up that the notes were given for part payment of an engine, boiler and machinery of a brick yard at Park Ridge, and the right to dig clay from a certain clay bank for making brick; that plaintiff warranted said engine, boiler and machinery to be in a sound and good condition; that said clay bank was distant from the yard only two miles, and that 16,000 bricks per day could be made, and that it would require only four teams to haul the clay, averring breach and damage. Plaintiff replied traversing all material averments of the plea. The court found the issues for the plaintiff, and